1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES E. SISTRUNK,

                    Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

Case No. 3:15-cv-05248-KLS

ORDER AFFIRMING DEFENDANTS
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms defendant's denial.

## FACTUAL AND PROCEDURAL HISTORY

On July 26, 2004, plaintiff filed an application for disability insurance benefits, alleging disability as of August 7, 2003. Dkt. 13, Administrative Record (AR), 27. That application was denied on initial administrative review on October 19, 2004, and on reconsideration on February 4, 2005. *Id.* A hearing was held before an administrative law judge on January 3, 2007, at which plaintiff appeared and testified as did a vocational expert. *Id.* In a decision dated May 24, 2007, the ALJ determined plaintiff to be not disabled. AR 27-37.

ORDER - 1

On May 27, 2009, plaintiff filed another application for disability insurance benefits, as well as another one for SSI benefits, alleging in both applications that he became disabled beginning May 24, 2007. AR 18, 40, 487, 491. Both applications were denied on initial administrative review on August 26, 2009. AR 40, 491. Plaintiff did not seek reconsideration of that denial.

On September 27, 2011, plaintiff filed a third application for disability insurance benefits and a third application for SSI benefits, alleging in both applications that he became disabled beginning May 24, 2007. AR 16. Both applications were denied on initial administrative review on October 9, 2011, and on reconsideration on April 8, 2013. *Id.* The disability insurance benefits application was denied because it concerned the same issues that were decided by the ALJ in the May 24, 2007 decision. *Id.* The application for SSI benefits was denied due to "excess resources." *Id.*

Plaintiff requested a hearing, and one was held before an ALJ on January 31, 2014, at which plaintiff, represented by counsel, appeared and testified. AR 525-75. In a decision dated February 21, 2014, the ALJ found the prior ALJ's May 24, 2007 decision and the denial of plaintiff's May 27, 2009 applications were not appealed and therefore were "administratively final and binding." AR 18-19. The ALJ further found that because plaintiff had failed to prove "changed circumstances" overcoming "the presumption of contining nondisability" arising from the prior denials, he had failed to show a basis for re-opening them, and therefore his September 27, 2011 application for disability insurance benefits was denied for that reason. AR 19. The ALJ also upheld the denial of the September 27, 2011 application for SSI benefits, because plaintiff did not meet the resource criteria for receiving such benefits. AR 20.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on

ORDER - 2

March 4, 2015, making the ALJ's decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 404.981, § 416.1481. On April 27, 2015, plaintiff filed a complaint in this Court seeking judicial review of that decision. Dkt. 3. The administrative record was filed with the Court on August 11, 2015. Dkt. 13. As the parties have completed their briefing, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred by failing to find good cause to re-open the prior denials. For the reasons set forth below, however, the Court agrees with defendant that it lacks the authority to review the ALJ's decision not to re-open, and therefore finds that decision should be affirmed.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test

requires that the reviewing court determine whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

The Commissioner may apply administrative *res judicata* "to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). As defendant points out, plaintiff does not challenge the ALJ's finding that administrative *res judicata* applies to the prior denials of her applications for benefits. A determination by the Commissioner that a claimant is not disabled, furthermore, "creates a presumption that the claimant continued to be able to work after" the date of that determination. *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009) (quoting *Lester*, 81 F.3d at 827)).

On the other hand, a determination by the Commissioner "may be reopened . . . [w]ithin four years of the date of the notice of the initial determination if [the Commissioner finds] good cause . . . to reopen the case." 20 C.F.R. § 404.988. The "good cause" requirement is satisfied if

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

'[n]ew and material evidence is furnished." 20 C.F.R. § 404.989. In determining whether to re-open the prior denials the ALJ considered the evidenc plaintiff submitted. AR 19. While the ALJ found that evidence to be "new", he determined that it was not "material" because it did "not provide any additional insight or evidence relevant to [plaintiff's] medical condition" during the relevant time period. *Id.*

Plaintiff challenges the propriety of this finding, arguing the ALJ erred in failing to find the evidence he submitted was new and material and thus satisfied the good cause requirement. However, as defendant notes the Commissioner's refusal to reopen a prior decision concerning an earlier period is generally "not subject to judicial review." *Lester*, 81 F.3d at 827. This is because once an administrative decision becomes final, the decision to reopen a disability claim is "purely discretionary." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985). Since a discretionary decision is not a "final decision" within the meaning of 42 U.S.C. § 405(g),[2] a refusal to reopen a decision "is not a 'final' decision subject to judicial review." *Id.* (citations omitted); *see also Udd v. Massanari*, 245 F.3d 1096, 109-998 (9th Cir. 2001) (decision "not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision") (citing *Califano v. Sanders*, 430 U.S. 99, 107-09)).

The ALJ's decision declining to re-open plaintiff's prior applications thus is not subject to review by this Court. One exception to the rule that a purely discretionary decision of the Commissioner is not a final decision and therefore not subject to judicial review, is "where the

---

[2] Section 405(g) reads:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g).

ORDER - 5

denial of a petition to reopen is challenged on constitutional grounds." *Udd*, 245 F.3d at 1098-99. A constitutional challenge "that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." *Id.* at 1099 (citation omitted). Plaintiff, however, has not raised any constitutional claims, colorable or otherwise.

Another exception is "where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period." *Lester*, 81 F.3d at 827; *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001).  If "such a *de facto* reopening occurs, the Commissioner's decision as to the prior period is subject to judicial review." *Lester*, 81 F.3d at 827.  But "where the discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable." *Krumpelman v. Heckler*, 767 F.2d 586, 589 (9th Cir. 1985) (citation omitted). Here, the ALJ specifically applied the doctrine of administrative *res judicata*, and expressly declined to re-open that already adjudicated period.

Lastly, plaintiff states that he disputes the ALJ's determination to uphold the denial of his application for SSI benefits on the basis that he does not meet the resource criteria therefor. But other than stating he is disputing that determination, plaintiff offers no evidence or argument that the ALJ committed any specific errors in regard thereto. Accordingly, plaintiff has failed to show the ALJ erred here. *See Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) ("To establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled."); *Carmickle v. Comm,r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.1998) (matters not specifically and distinctly argued in opening brief ordinarily will not be considered).

ORDER - 6

1

CONCLUSION

2          Based on the foregoing discussion, the Court finds the ALJ properly concluded plaintiff

3   was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

4          DATED this 4th day of January, 2016.

5

6

7

8                                         Karen L. Strombom
                                          United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 7